# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31032

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2019

Lyle W. Cayce
Clerk

WILLIAM BOATENG,

Plaintiff–Appellant,

v.

BP, P.L.C.; BP EXPLORATION & PRODUCTION, INCORPORATED; BP
AMERICA, INCORPORATED; BP PRODUCTS NORTH AMERICA,
INCORPORATED; BP INTERNATIONAL LIMITED,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-1383

Before DAVIS, HIGGINSON, and WILLETT, Circuit Judges.

PER CURIAM:*

William Boateng appeals the dismissal of his unjust enrichment claim against BP. While the district court seemingly dismissed Boateng's case under Rule 12(b)(6), it implicitly converted the dismissal into a grant of summary judgment by considering matters outside the pleadings. Because no reasonable juror could find for Boateng, summary judgment was appropriate. Thus, we AFFIRM the district court's grant of summary judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31032

Boateng also asks for leave to amend his complaint, arguing that the district court failed to balance the proper factors. However, even assuming the district court erred, it was harmless since Boateng's claim is without merit. Therefore, we DENY his request.

I

During the *Deepwater Horizon* oil spill back in 2010, BP asked the public to submit potential solutions to fix the oil leak. Boateng alleges that he provided BP with "a detailed proposal of plans to cap the well and shut down the leak" and that BP then used "substantially the same" methods "to cap the well and shutoff [sic] the leak of oil." BP then refused to compensate Boateng. As a result, Boateng alleges he "has suffered damages including, but not limited to, loss of income."

Boateng filed a complaint against BP alleging breach of contract and, in the alternative, "misappropriation of plaintiff's idea"—a remedy not found in Louisiana law. BP filed a motion to dismiss under Rule 12(b)(6). In Boateng's opposition to BP's motion, he included a new cause of action for unjust enrichment plus five exhibits of evidence.

The district court considered his original causes of action for breach of contract and misappropriation as well as his new claim for unjust enrichment and dismissed them all under Rule 12(b)(6). Boateng timely appealed.

II

A

The district court had diversity jurisdiction under 28 U.S.C. § 1332. And we have jurisdiction under 28 U.S.C. § 1291.

B

Although the district court seemed to dismiss Boateng's claims under Rule 12(b)(6), the district court implicitly granted a summary judgment motion by considering matters beyond the pleadings. FED. R. CIV. P. 12(d). We review

No. 18-31032

a district court's grant of summary judgment de novo. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016).

## III

## A

A district court converts a Rule 12(b)(6) motion to dismiss into a motion for summary judgement when "matters outside of the pleadings are presented to and not excluded by the court." FED. R. CIV. P. 12(d). Such matters include evidence introduced in opposition to a 12(b)(6) motion that "provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x.775, 785 (5th Cir. 2007); *see also Inclusive Cmtys.' Project Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (holding that when evaluating a 12(b)(6) motion a court is limited to the "facts set forth in the complaint, documents attached to the complaint" and documents attached by the defendant to its motion to dismiss that are referenced in the plaintiff's complaint).

Even if the district court "did not explicitly inform the parties that it was converting the motion to dismiss into a summary judgment," an appellate court will infer an implicit conversion if the district court looks beyond the pleadings. *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016). However, the district court must give the parties, especially the non-movant, ample notice that it may consider "extra-pleading material" that would convert the motion to a summary judgment. *Id.*

Boateng submitted new factual evidence in opposition to BP's motion to dismiss that did not merely reiterate what he said in his pleadings but provided the court with new substantiation for his claims. In fact, Boateng even asserted an entirely new legal theory that was not in his complaint:

3

No. 18-31032

unjust enrichment.[1] Since the district court looked beyond the pleadings by considering new factual evidence, the district court implicitly converted the motion to one for summary judgment. And we conclude that Boateng had ample notice that the district court would potentially do so because he was the party urging the court to review matters beyond the pleadings. *See Darlak v. Bobear*, 814 F.2d 1055, 1065 (5th Cir. 1987) (finding that a party who references matters outside the pleadings is "on notice that the district court could properly treat . . . [the] motion to dismiss as one for summary judgment"). Thus, we will review the district court's decision de novo, under the summary judgment standard.

B

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the summary judgment 'evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Hyatt*, 843 F.3d at 177 (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986)). Such a dispute does not exist where the non-movant's "critical evidence is so weak or tenuous on an essential fact" needed to prove his claim "that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). Thus, at the summary judgment stage of an unjust enrichment claim, a defendant must show that the factual evidence cannot reasonably demonstrate at least one required element.

Under Louisiana law, unjust enrichment has the following elements:

---

[1] When a plaintiff raises a new claim in opposition to a summary judgment motion, the district court may consider the new claim for relief even if the claim is not asserted in the pleading. *See Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (finding no error in the district court's decision to consider a new claim included in a response to a motion for summary judgment).

4

(1) there must be enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, (5) there must be no other remedy at law available to plaintiff.

*Baker v. Maclay Prop's Co.*, 648 So.2d 888, 897 (La. 1995).

Boateng's critical evidence cannot reasonably support an unjust enrichment claim because the evidence fails to support a finding that BP was enriched. Boateng's critical evidence is a three-page PowerPoint that he sent to BP. It contains crudely annotated Clipart-esque pictures and extremely brief descriptions of his plan to cap the oil spill. His plan for stopping the leak "called for the removal of the bolts so the cap-head could be removed and replaced with a valve. That valve then could be either shut off to stop the leak or connected to a new pipe to pump the oil to the surface." *Boateng v. BPI*, No. 11-1383, slip op. at *3 (E.D. La. Aug. 15, 2018). Yet, Boateng also submitted BP's technical briefing discussing the actual capping process. The process described by BP is far more complex, nuanced, and specific, and only has—at most—surface-level similarities to Boateng's plan. It would be unreasonable for a juror to believe that Boateng's superficial input conferred any benefit to BP, whose highly-skilled engineers were struggling to cap a complex oil spill thousands of feet underwater. We conclude that Boateng's critical evidence in this case cannot support an unjust enrichment claim and summary judgment in favor of BP is appropriate.

IV

Finally, Boateng requests that we remand his case with instructions to grant him leave to amend his complaint so that he can cure any deficiencies, arguing that the district court failed to balance the proper factors when it denied him leave. We "review[] a district court's denial of leave to amend a

complaint for abuse of discretion." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1464 (5th Cir. 1995) (citing *Avatar Expl. Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991)). Generally, leave to amend should be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2).

First, it isn't clear that the district court ever denied a request for leave to amend. Boateng never made a formal or separate request for leave to amend, choosing instead to raise a new claim in response to BP's dismissal motion. In *Sherman v. Hallbauer*, we noted that "a new allegation raised in a memorandum in opposition to a motion for summary judgment should have been construed as an amendment to the original complaint." 455 F.2d 1236, 1242 (5th Cir. 1972). If anything, the district court implicitly *granted* Boateng's request for leave to amend by considering his unjust enrichment claim.

Regardless, if there was any error, it was harmless, since Boateng's claim lacks merit. *See* FED. R. CIV. P. 61; *see also Debowale v. U.S. Inc.*, 62 F.3d 395, 395 (5th Cir. 1995) (unpublished) (finding that while "[t]he district court should have construed Debowale's *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend [his] complaint under FED. R. CIV. P. 15(a) and granted it," any "error [was] harmless" since "Debowale's Fourth Amendment claim [was] without merit") (citing FED. R. CIV. P. 61). Therefore, we DENY Boateng's request.

## CONCLUSION

Although BP initially moved for dismissal under 12(b)(6), the district court implicitly converted BP's dismissal motion into one seeking summary judgment by granting Boateng's request to consider matters outside the pleadings. Summary judgment in favor of BP is appropriate here because Boateng's evidence cannot support his claim that he conferred a benefit upon BP.

No. 18-31032

Additionally, because Boateng's claim is meritless, any error in denying him leave to amend was harmless. Accordingly, we AFFIRM the district court's grant of summary judgment and DENY Boateng's motion for leave to amend.